IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **DARREN SEIGEL,** | § |
| *Plaintiff*, | § |
| v. | § CIVIL ACTION NO. _____ |
| **U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIUAL CAPACITY, BUT SOLELY AS TRUSTEE OF THE NRZ PASS-THROUGH TRUST II,** | § |
| *Defendant*. | § |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant U.S. Bank National Association, not in its individual capacity, but solely as Trustee for NRZ Pass-Through Trust II, pursuant to 28 U.S.C. § 1331 ("Defendant" or "U.S. Bank"), removes the above-captioned civil action currently pending in the 10th Judicial District Court of Galveston County, Texas, Cause No. 19-CV-1854 (the "State Court Action"), to the United States District Court for the Southern District of Texas, Galveston Division.

### I. STATEMENT OF THE CASE

1. On September 26, 2019, Plaintiff Darren Seigel ("Plaintiff") filed his *Original Petition and Request for Disclosures* (the "Complaint") in the State Court Action.[1] In his Complaint, Plaintiff asserts claims for declaratory judgment, breach of contract, violations of the Texas Deceptive Trade Practices Act ("DTPA"), violations of the Texas Debt Collection Act ("TDCA"), violations of the Real Estate Settlement Procedures Act ("RESPA")/Regulation X, and intentional infliction of emotional distress.[2] Plaintiff seeks attorneys' fees, actual damages, including nominal damages, exemplary damages, mental anguish damages and monetary relief for

---

[1] A true and correct copy of Plaintiff's Complaint is attached as **Exhibit 1**.
[2] *Id.* ¶¶ 14 – 39, 41.

**DEFENDANT'S NOTICE OF REMOVAL**  Page 1 of 4
*Darren Seigel v. U.S Bank, National Association*

intentional infliction of emotional distress, and all costs of court.[3]

## II.     TIMELINESS OF REMOVAL

2.     U.S. Bank was served with process of Plaintiff's Complaint on October 7, 2019 and thirty (30) days have not expired since this service has occurred.  This was the first notice of this action served upon Defendant.  Accordingly, this Notice of Removal is timely.[4]

## III.    VENUE

3.     Venue for this Notice of Removal is proper in the United States District Court for the Southern District of Texas, Galveston Division, because this district and division includes Galveston County, Texas – the location of the pending State Court Action.[5]

## IV.    BASIS FOR REMOVAL: FEDERAL QUESTION

4.     The Court has original jurisdiction over this matter under 28 U.S.C. § 1331 because Plaintiff alleges and seeks damages based on his claim that Defendant violated 12 C.F.R. § 1024.41(b)(1).[6] Under the "well-pleaded complaint rule," federal question removal is appropriate "when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[7] Because Plaintiff asserts a claim arising under federal statutes and regulations, removal of this entire cause of action is appropriate pursuant to 28 U.S.C. § 1441(a)-(c). The Court also has supplemental jurisdiction over any remaining state law claims because they "form a part of the same case or controversy."[8]

## V.     PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

---

[3] *Id. See* pages 11-12.
[4] *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.").
[5] *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(c)(3).
[6] Exhibit 1, page 9, ¶ 37.
[7] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).
[8] 28 U.S.C. § 1367(a).

5. Plaintiff did not demand a jury trial in his Complaint.

6. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served in the State Court Action are attached hereto as **Exhibit 1** through **Exhibit 9.**

7. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, U.S. Bank is providing Plaintiff, through counsel, with written notice of removal; and a copy of this Notice of Removal is being filed with the Clerk of the 10th Judicial District Court of Galveston County, Texas.

## VII. CONCLUSION

The Court may exercise original jurisdiction over this action because Plaintiff asserts a claim arising under federal law, and the Court has supplemental jurisdiction over any remaining state law claims because they form a part of the same case or controversy.

Dated: November 4, 2019

Respectfully submitted,

*/s/ Heather N. Sutton*
**HEATHER N. SUTTON**, SBN: 24072378
ATTORNEY-IN-CHARGE, SDTX NO. 3139212
hsutton@mcguirewoods.com
**MCGUIREWOODS LLP**
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
Telephone: 214.932.6400
Facsimile: 214.932.6499

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2019, a true and correct copy of the foregoing was served via certified mail, return receipt requested as follows:

**CERTIFIED MAIL/RRR**
#_____
Robert C. Vilt
clay@viltlaw.com
Kerry L. Prisock
kerry@viltlaw.com
Vilt and Associates, PC
5177 Richmond Ave., Ste. 1142
Houston, Texas 77056
Telephone: 713.840.7570
Facsimile: 713.877.1827

**ATTORNEYS FOR PLAINTIFF**

*/s/ Heather N. Sutton*
**HEATHER N. SUTTON**